UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HENRY CLIFTON WADE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.  2:26-cv-00710-EGL-JHE |
| | ) | |
| KENNETH DRAKE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Henry Clifton Wade has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  The petitioner also filed an application to proceed *in forma pauperis*.  (Doc. 2).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the petition was referred to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).  Based on the following, the undersigned recommends the court transfer this action to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 2241(d).

**I. Analysis**

The petitioner is incarcerated at Red Eagle Community Work Center in Montgomery, Alabama, and serving a sentence for a conviction in Butler County, Alabama (Doc. 1 at 1), both of which are located in the judicial district encompassed by the United States District Court for the Middle District of Alabama.  *See* 28 U.S.C. § 81(b)(1).  A federal district court is authorized under 28 U.S.C. § 2254 to entertain an application for a writ of habeas corpus filed by a person in custody pursuant to a judgment of a state court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  *See* 28 U.S.C. § 2254(a).  Where a § 2254 application is filed by a prisoner in a state like Alabama, with two or more federal judicial districts,

concurrent jurisdiction exists in both the district of confinement and the district in which the sentence was imposed. *See* 28 U.S.C. § 2241(d). "The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id*.

This court lacks jurisdiction to consider this habeas petition because the petitioner was neither sentenced in a county within the Northern District of Alabama, nor is he confined here. *See Dobard v. Johnson*, 749 F.2d 1503, 1507 (11th Cir. 1985). Where a district court lacks jurisdiction, it has discretion, in lieu of dismissing the case, to transfer it "in the interest of justice" to a federal district court in which it might have been filed. 28 U.S.C. § 1631; *Dobard*, 749 F.2d at 1507.

The petitioner complains of matters which stem from his conviction and sentence entered by the Circuit Court of Butler County. (Doc. 1). The records and witnesses relating to those matters are likely to be located in Butler County. Therefore, the furtherance of justice and judicial economy will be best served by transferring this action to the Middle District of Alabama. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 497 (1973) ("Congress explicitly recognized the substantial advantages of having [habeas corpus] cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy.").

## II. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** this action be **TRANSFERRED** to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 2241(d). The undersigned further **RECOMMENDS** that petitioner's application to proceed *in forma pauperis* (doc. 2) be left pending for consideration by the transferee court.

### III. Notice of Right to Object

The petitioner may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within 14 days. The petitioner must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. The petitioner also must identify every claim in the complaint that the report and recommendation has not addressed. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A petitioner who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the petitioner's objections, a District Judge will conduct a de novo review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The petitioner may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The petitioner may only appeal from a final judgment entered by a District Judge.

DONE this 29th day of April, 2026.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

3